A. McClain, J.,
delivered the opinion of the Court.
The complainant charges, in his bill, that he, as administrator of A. J. Henry, deceased, recovered a judgment at law against the defendant, Cannovan, for $4,-345.65; that executions were issued, and returned nulla *572 bona. The bill is filed to subject certain rents and leasehold interests of Cannovan to the satisfaction of his judgment.
Cannovan filed his answer, and charges that the judgment was recovered upon notes executed by him and Henry to complainant’s intestate, for real estate sold them; that said intestate had no title to said land, and conveyed no title, and that there was, therefore, a failure of consideration. It is further charged in the answer, that he (Cannovan) and Hallam had paid five hundred dollars, for which they were entitled to a credit, but got none, upon the rendition of the judgment; and he prays to be allowed to file this answer as a cross bill, and be allowed to make this defense; and that the judgment be declared void.
To this cross bill the complainant demurred, and, assigned, as a cause of demurrer, that this defense was open to defendant to use at law, but that he having failed to avail himself of it at law, this Court has no jurisdiction of the matter. This demurrer was overruled by the Chancellor; and from this decree, overruling this demurrer, the complainant has appealed to this Court.
We think the decree of the Chancellor is erroneous. The defense relied on is both legal and equitable; and the rule is well settled in cases of this sort, that when the defendant neglects to make the defense at law, he can not be heard to make it in a court of chancery; provided, the adverse party makes objection at the proper stage of the cause, by demurrer for the want of jurisdiction of the Court. But if he answer without first demurring for want of jurisdiction, this objection is waived, *573 and a court of chancery can give relief: Galbraith vs. Martin, 5 Hum., 50; 2 Head, 493; 4 Cold., 60.
In the present case, the defendant to the cross bill having demurred for want of jurisdiction, he was entitled to the benefit of his objection thus made, and the demurrer should have been sustained.
Let the decree of the Chancellor be reversed, and the cause remanded.